UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILLIP GRAY,

    Plaintiff,

v.      Case No. 8:22-cv-2103-WFJ-SPF

YGREEN, INC.,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

This matter comes before the Court upon *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which the Court construes as a motion to proceed *in forma pauperis*. Plaintiff has filed a Complaint (Doc. 1) against Defendant YGreen, Inc. for its role in financing Plaintiff's purchase of defective solar panels for his home.

The Court may authorize the commencement of any suit, action, or proceeding without payment of fees and costs or security by a person who submits an affidavit that includes a statement of all assets such person possesses and establishes that the person is unable to pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citing *Coppedge v. United States*, 369 U.S. 438, 446-47 (1962)). "[P]roceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). While the district court has wide discretion in ruling on an application for leave to proceed *in forma pauperis*, it should grant such a privilege "sparingly" in civil cases for damages. *Thomas v. Chattahoochee*

*Judicial Circuit*, 574 F. App'x 916 (11th Cir. 2014); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).

When considering whether a litigant is indigent under § 1915, the only determination to be made by the district court is whether the statements in the affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. In making this determination, the district court must compare the litigant's assets and liabilities. *Thomas*, 574 F. App'x at 917. A litigant need not show he or she is "absolutely destitute" to qualify for indigent status. *Martinez*, 364 F.3d at 1307. An application need only show that the litigant, because of poverty, is unable to pay for the court fees and costs while providing necessities for the litigant and any dependents. *Id.* "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id.* In determining whether a litigant is indigent, a court can consider income provided by a spouse and income from Social Security or other disability benefits. *See Trimble v. Volz*, No. 2:08-cv-417-FtM-99DNF, 2008 WL 4490181, at *3 (M.D. Fla. Sept. 30, 2008); *see Sutton v. Colvin*, No. 3:16-cv-886-J-34MCR, 2016 WL 7971445, at *1 n.1 (M.D. Fla. July 26, 2016) ("Spousal income can be considered in determining Plaintiff's ability to pay for the Court's fees and costs.").

According to Plaintiff's affidavit, his gross monthly income, including his retirement and social security and his spouse's income, is $5,901.84 (Doc. 2 at 2), which equates to an annual income of $70,822.08.[1] Additionally, Plaintiff's property includes a house with a value

---

[1] Plaintiff states he receives $1,268.00 per month in retirement income and 3,517.84 in disability benefits, for a total monthly income of $4,785.84 (Doc. 2 at 2). Plaintiff's spouse receives $1,116.00 in monthly retirement income (*Id.*). Plaintiff's total household income is $5,901.84.

2

of $250,000 and a car worth $12,000 (*Id*. at 3). Plaintiff's attests that his monthly expenses and debts, on the other hand, total approximately $5,209.32 (*Id*. at 5).[2] Therefore, Plaintiff's monthly household income exceeds his monthly household expenses by approximately $700.00. Based on Plaintiff's affidavit, the Court finds that Plaintiff is not indigent and has the financial ability to pay the costs associated with filing his case. *See Steuber v. Walter Inv. Mgt. Corp.*, No. 8:17-cv-2405-T-35MAP, 2017 WL 8813074, at *2 (M.D. Fla. Nov. 30, 2017), *report and recommendation adopted*, 8:17-cv-2405-T-35MAP, 2018 WL 1866099 (M.D. Fla. Jan. 3, 2018) (finding that "[p]laintiff's access to the courts does not seem to be blocked by her financial status," when the plaintiff's income exceeded her expenses by $600). Notably, in an unrelated case Plaintiff filed in this judicial district in December 2018, the Court found Plaintiff not indigent for purposes of proceeding *in forma pauperis* under 28 U.S.C. § 1915. *See Gray v. Uber, Inc.*, No. 8:18-cv-3093-JSM-SPF, Docs. 31, 33 (M.D. Fla. May 2019). Plaintiff's monthly income and expenses since then have remained relatively stable (*Compare* 8:18-cv-3093-JSM-SPF, Doc. 28-1 *with* 8:22-cv-2103, Doc. 2). Similarly, here the Court is satisfied that Plaintiff can pay the court fees and costs while still providing necessities for himself and his dependents.

Accordingly, it is hereby

RECOMMENDED:

(1) Plaintiff's motion to proceed i*n forma pauperis* (Doc. 2) be **DENIED**; and

---

[2] Plaintiff attests to monthly expenses totaling $5,631.56 (*Id*. at 5). When itemizing his monthly expenses, however, Plaintiff double counted his $422.24 car payment: he listed $422.24 under the heading "Installment Payments Motor Vehicle" *and* under the heading "Transportation (not including motor vehicle payments)") (*Id*. at 4). Subtracting $422.24 from Plaintiff's total monthly expenses yields $5,209.32.

(2) Plaintiff be directed to pay the filing fee to continue this action within **fourteen (14) days** of the adoption of this Order, and Plaintiff be advised that failure to timely pay the filing fee may result in the dismissal of this matter without further notice. *See* Local Rule 3.10(a), M.D. Fla.

IT IS SO REPORTED in Tampa, Florida, on September 14, 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.